UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | File No. 13-50101 |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY GRAVENS, | ) | |
| | ) | |
| Defendant. | ) | |

Timothy Gravens ("Tim") pleaded guilty to a violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), and 1594(d)(1). This conviction carries a mandatory minimum sentence of 180 months. The Presentence Report ("PSR") suggests that a Guideline sentence—notwithstanding the mandatory minimum—would be 135 to 168 months. Tim also agreed to forfeit a 2012 Harley Davidson Motorcycle and an Apple iPhone 4s. Tim argues that the most lenient sentence the Court can impose is sufficient, but not greater than necessary to satisfy the factors outlined in 18 U.S.C. § 3553. He also requests his personal property be returned to his family and that he be allowed furlough subsequent to sentencing so that he can put his affairs in order before self-surrendering to the Bureau of Prisons.

**Background.**

The Presentence Report ("PSR") outlines Tim's background. In summation, Tim was born in California in 1959. He is a veteran of the United States Air Force and served the federal government as an En Route Air Traffic Controller from 1984 until the Summer of 2013. During that time, Tim was active in union activities.

Tim has been separated from his wife, Stacy, for several years but has remained close to her and his adult daughter Madison. Both have written letters on his behalf, which are attached to the PSR. There are several other letters written on Tim's behalf. Although many of the individuals writing on Tim's behalf are disappointed in his conduct it should be noted that, the

individuals writing on his behalf have confidence in his otherwise good character and love and devotion to his family. In fact, in a post to Facebook last Thanksgiving, Stacy spoke very highly of Tim. Stacy will be at the sentencing.

### Argument.

Tim requests the most lenient sentence possible. Tim makes his request in light of United States Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005) and respectfully submits this memorandum to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment required by 18 U.S.C. § 3553(a).

### A. The Guidelines are advisory.

District courts have "far more discretion to impose sentences outside the applicable guideline range" as they did prior to *Booker*.[1] The guidelines are advisory. Tim, however, is aware of the provisions of 18 U.S.C. § 1591(b)(1).

### B. 18 U.S.C § 3553.

Section 3553(a) dictates the factors that a court should consider when imposing an appropriate sentence:

> The court shall impose a sentence sufficient, *but not greater than necessary* . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553. The factors in § 3553 support a lenient sentence. At the very least, these support a sentence that does not exceed the 180 month mandatory minimum.

---

[1] *United Sates v. Villareal-Amarillas*, 562 F.3d 892, 897-98 (8th Cir. 2009).

### 1. A Lenient Sentence is a Just Punishment for the Offense.

Tim concedes that incarceration is appropriate in this case. He pleaded guilty to a serious offense, which carries a mandatory minimum sentence. Here, the sentence referenced in 18 U.S.C. § 1591(b)(1) is almost 4 years longer than would be expected under the Guidelines. Moreover, Tim was charged as part of larger sting operation. Counsel understands, but has not specifically confirmed, that Tim was presented the least generous plea agreement and will likely be subject to the harshest sentence of all the defendants identified in the sting operation. None of the other defendants will likely be sentenced to 15 years. Additionally, Tim asked several times to bargain for a more lenient sentence. Tim believes this supports a reduced sentence. The most lenient sentence possible in this case, will be a just sentence.

### 2. A Lenient Sentence Affords Adequate Deterrence.

A lenient sentence will adequately deter Tim from future crimes. As the PSR indicates, Tim's criminal history score is 0. Regardless of the sentence the Court imposes, Tim will be an older man by the time of his release. Regardless, Tim will have had a sufficient amount of incarceration to reflect on his actions. In fact, Tim's sentence will possibly impose a greater amount of incarceration than even the Guidelines suggest. A lenient sentence is an appropriate sentence to adequately deter future conduct.

### 3. A Lenient Sentence Will Protect the Public.

An important factor identified in section 3553 is the need to protect the public from future crimes. Here, a lenient achieves that goal. Tim is facing a sentence in excess of the calculation identified by the Guidelines. It will be a significant sentence, regardless of what the Court does. But even after Tim's period of incarceration is complete, there will be additional protections for the public. Most obviously, the Court will impose a significant period of

Supervised Release. Also, whatever sentence the Court imposes will afford Tim sufficient to time to seek counseling and treatment while incarcerated to help protect the public once he is released. Finally, Tim will likely be required to register as a sex offender for the foreseeable future. Tim has also expressed intention to enroll in a treatment regardless of whether or not treatment is ordered. These are all safeguards which will help protect the public from future crimes.

### 4. A Lenient Sentence will Allow Tim to Obtain Medical Care.

The PSR identifies several medical issues. Moreover, Tim will be older upon his release. A lenient sentence will allow Tim to obtain medical care privately upon his release and not be reliant on the Bureau of Prisons for medical care. The PSR indicates that there are numerous family history of disease. From this isolated point of view, the sooner Tim is released from custody, the better.

### C. Tim's Personal Property Should be Returned.

The plea documents in this case establish that Tim has agreed to forfeit a motorcycle and an iPhone 4s. Counsel understands that the USA may attempt to supplement its forfeiture request to include $300 in U.S. currency, a Canon EOS 50D camera, and a Sony Cybershot camera. These items were not referenced in the plea documents, or even in a charging document. Forfeiture of these items would implicate a serious due process issue.

In fact, the Court should order that these items, along with other personal property of Tim's in the possession of the United States or the State of South Dakota, be released to his wife. In particular, counsel is aware through discovery that law enforcement examined the memory cards for each of the two cameras and that no illegal images or material were found. Additionally, there is no need for the government to retain these items now that the criminal

matter is complete. While, the currency and the camera may have theoretically been forfeitable, a forfeiture action regarding these items was not commenced and Tim has not consented to forfeiture. They should be released.

Additionally, personal property attached to the motorcycle should be released. While Tim has consented to forfeiture of the motorcycle, items such as his sunglasses, a sunglasses case, his aftermarket license plate holder, and the contents of his saddle bags (which include clothing and the cameras) should not be forfeited. Again, forfeiture of these items would pose a due process problem.

Accordingly, all of Tim's property other than the motorcycle itself and the iPhone should be returned to him as soon as possible.

### D. Tim Should be Allowed Furlough, or to Self-Surrender.

Gravens requests that the Court uses its inherent furlough authority to grant him a furlough prior to requiring him to report to the custody of the Bureau of Prisons.  Gravens would like time to travel to the Phoenix, Arizona area to visit his elderly parents.  Tim would also like sufficient time to return to his home in Dallas, Texas area to put his financial affairs in order.  Tim is also retired from the United States government and has benefits from federal health benefits. Finally, Tim believes that a three week furlough will allow him sufficient time to obtain medical checkups from his personal providers in preparation for a lengthy period of incarceration.

Specifically, Tim requests that he be allowed to self surrender to the Bureau of Prisons or alternatively the United States Marshals by October 6, 2014.  During this time, Tim is willing to remain in the custody of his wife, Stacy Rogers.  Counsel understands that Stacy intends to be present at sentencing to speak on Tim's behalf and to testify to her willingness and ability to act

761737 / 11528.0002                           5

as a custodian from Tim during the period of furlough. Tim is also willing to be subject to electronic monitoring prior to his self-surrender.

The following factors support Tim's request for furlough. As the PSR indicates, Tim has a criminal history score of 0. Particularly, Tim has never had a failure to appear. Tim has also cooperated with law enforcement since his arrest. Moreover, Tim is not a flight risk. Tim is a homeowner and is a retired federal employee. Tim understands that if he were to flee and not self-surrender to serve his period of incarceration that his home and federal pension and retirement benefits would be in jeopardy. Tim is reliant on these assets upon his release. Also Tim has no criminal history, other than this charge.

Should the Court not invoke its inherent furlough authority to allow Tim to self-surrender, Tim argues that the foregoing factors constitute clear and convincing evidence that Tim is not likely to flee or pose a danger to any other person in the community.

Also, Tim is aware of 3 deaths at the South Dakota State Penitentiary in as many weeks. Tim believes he will be temporarily housed at the South Dakota State Penitentiary if he is not granted furlough, allowing him to self-surrender in Texas would protect him from his fears associated with being sent to the South Dakota State Penitentiary.

In the alternative, Tim represents to the Court that he will likely seek furlough from the Bureau of Prisons at some point pursuant to 18 U.S.C. § 3622. Accordingly Tim would request, in the event that the Court does not grant him self-surrender, that the Court clarify that furlough at some point in the future to visit Tim's elderly parents is not inconsistent with the Court's sentence.

  E. **Tim Should Be Given Credit For Time Served.**

Tim has been incarcerated since August 5, 2013. A period of that incarceration took place at the Meade County Jail subject to a state court charge. Since Tim's state court charges emanate from the same offense conduct Tim requests that this Court recommend that the Bureau of Prisons give Tim credit for his time served starting on the date of his arrest August 5, 2013.

  F. **Tim Requests that the Court Order Prison Programs.**

Tim requests that the Court, pursuant to the report in this case, be considered for any appropriate treatment program available through the Bureau of Prisons during the time of his incarceration.

**Conclusion**.

Under the circumstances of this case, a lenient sentence (especially not in excess of 180 months) is truly one that is "sufficient, *but not greater than necessary*, to comply with the purposes set forth in paragraph (2)" of 18 U.S.C § 3553(a). Additionally, Tim should have his personal property returned and be allowed furlough so he can put his affairs in order before self-surrendering to the Bureau of Prisons.

  Dated this 15th day of September 2014.

                   GUNDERSON, PALMER, NELSON
                    &ASHMORE, LLP

                   /s/ *Jeffrey R. Connolly*
                   Jeffrey R. Connolly,
                   Attorney for the Defendant
                   506 Sixth Street
                   PO Box 8045
                   Rapid City, SD  57709
                   (605) 342-1078
                   (605) 342-0480 – fax
                   jconnolly@gpnalaw.com